[No. 10,528.—Department No. 1.]

## THE PEOPLE v. ST. CLAIR.

INDICTMENT — LARCENY — BURGLARY. — An indictment, charging an entry into a stable, with intent to commit "larcey," does not describe any offense.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of the County of San Joaquin. BUCKLEY, J.

*G. E. McStay*, and *J. G. Swinnerton*, for Appellant.

There is no offense charged in the indictment. (Pen. Code, § 950; *State* v. *Halder*, 2 McCord, 377; *State* v. *Carter*, Conf. Rep. 210; S. C. 2 Hayw.; *Lemons* v. *The State*, 6 Am. R. 293; *Shaw* v. *The State*, 2 Tex. Ct. App. 487; *Haney* v. *The State*, id. 504.)

The *Attorney-General*, for Respondent.

Verbal or grammatical inaccuracies, which do not affect the sense, are not fatal. (1 Whart. Cr. Law, §§ 405–9, 597–8, 606; *State* v. *Davis*, 1 Ired. 125.)

The COURT:

The indictment charges an entry into a stable with intent to commit "larcey." Burglary is the entering of a house, etc., "with intent to commit grand or petit larceny, or any felony." (Pen. Code, § 459.) There is no such felony as "larcey" known to our law. "Larcey" is certainly not larceny, nor does the maxim *idem sonans* apply.

It is said that the Court must give judgment without regard to the technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. (Pen. Code, 1258.) But this is more than a departure from an established form ; nor is it a case in which facts are averred in the indictment which sufficiently indicate the sense in which the word purporting to *name the crime* is employed, but is a failure to describe any offense.

Judgment reversed, and cause remanded for a new trial.